EL PUEBLO DE PUERTO RICO
Recurrido

v.

EUSTAQUIO CESAREO MARTINEZ
Imputado-Peticionario

Núm. KLCE-95-00075

San Juan, Puerto Rico, a 9 de junio de 1995

Panel integrado por su presidente, Juez Rossy García
y los Jueces Aponte Jiménez y Negroni Cintrón

Aponte Jiménez, Juez ponente

## TEXTO COMPLETO DE LA SENTENCIA

Contra el peticionario, Eustaquio Cesáreo Martínez, se presentaron ante la Subsección de Distrito del Tribunal de Primera Instancia, Sala de San Juan, varias denuncias por los delitos graves de infracción a los Artículos 272 y 274 del Código Penal, 33 L.P.R.A. Secs. 4592 y 4594, (posesión y traspaso de documentos falsificados y falsificación de sellos respectivamente). La vista preliminar para determinar causa probable para acusar en todos los casos, no se ha celebrado.

Mediante escrito separado, presentado con posterioridad a la radicación de las denuncias, fiscales adscritos a la Oficina de Asuntos del Contralor del Departamento de Justicia solicitaron ante esa misma sala del Tribunal de Primera Instancia que se citase al peticionario para que compareciera ante un perito Examinador de Documentos con el propósito de someterlo a pruebas caligráficas. Se basaron los fiscales en que el apelante ha resultado sospechoso en la comisión de delitos de falsificación de documentos, posesión y traspaso de documentos falsificados y falsificación de sellos, conforme los resultados que surgen de una investigación que practican en la Corporación del Centro de Bellas Artes.

El foro de instancia así lo ordenó. Dispuso que el peticionario debería comparecer asistido de abogado ante el perito designado por el fiscal. Su actuación no estuvo precedida de vista ni oportunidad al peticionario para que compareciera a oponerse o fijar su posición sobre el pedido del fiscal. Descansó solamente en el escrito presentado por los fiscales. De dicha determinación acude el peticionario ante nos. Solicita se revoque la orden dictada y la citación expedida para que en su lugar se disponga la celebración de una vista con el propósito de dilucidar si procede o no lo solicitado por los fiscales.

Atendido el recurso como uno de *certiorari*, dictamos orden el 10 de abril de 1995. Concedimos al Procurador General término para comparecer entendiéndose que de no hacerlo interpretaríamos que se allanaba a que dejáramos sin efecto la orden recurrida y ordenásemos al foro de instancia celebrar una vista con el propósito de evaluar los planteamientos que tuviera a bien levantar el peticionario adoptando las medidas pertinentes, de estimarlo necesario, para evitar opresión y onerosidad en el proceso.

El Procurador General compareció conforme lo intimado. Se allana a que revoquemos la orden recurrida. En su lugar acepta que dispongamos la celebración de una vista previo a ordenarle al peticionario comparecer ante el perito designado por los fiscales para que se someta a pruebas caligráficas.

Contando con el beneficio de la comparecencia del Procurador General estamos en posición de resolver. Conforme el derecho pertinente aplicable procede que revoquemos la orden dictada el 28 de febrero de 1995 por la Subsección de Distrito, Sala de San Juan que a solicitud del fiscal ordenó al peticionario comparecer ante un perito Examinador de Documentos con el propósito de someterlo a pruebas caligráficas, sin antes celebrar una vista a esos fines. No obstante lo resuelto, amerita que aclaremos algunas dudas que se suscitan tanto en el escrito del peticionario como en la comparecencia escrita del Procurador.

Ya no se cuestiona la facultad del fiscal para solicitar ante un *"magistrado"* del Tribunal de Primera Instancia al amparo de la Regla 235 de Procedimiento Criminal vigente --34 L.P.R.A. Ap II, R. 235-- que se ordene la citación de testigos, imputados o sospechosos para que, *"de considerarlo apropiado a los mejores fines de la justicia"* se sometan a pruebas caligráficas. *Efraín Meléndez, Fiscal Especial Independiente,* **94 J.T.S. 42.** Tampoco se

discute que al así disponerse, no se vulnera el derecho a no autoincriminarse protegido por nuestra Constitución y la federal. *Pueblo v. Adorno Quiñones,* 101 D.P.R. 429 (1973).

Igualmente, ha quedado establecido que dicha Regla 235 autoriza a cualquier magistrado, entiéndase juez, para que a petición de un fiscal y previa vista señalada para ventilarla, expida citación bajo apercibimiento de desacato y ordene la comparecencia de testigos, imputados o sospechosos ante un perito caligráfico con el propósito de que se sometan a pruebas caligráficas a los fines de la investigación que practica el fiscal sobre la comisión de un delito o para la celebración de una vista preliminar. *Efraín Meléndez, supra.*

Ahora bien, lo anterior no quiere decir que la potestad de un juez para ordenar que un sospechoso se someta a pruebas caligráficas a solicitud de un fiscal bajo las circunstancias reseñadas, es absoluta e indefinida. El juez siempre retiene la discreción que en esa etapa se le concede para así ordenarlo sólo cuando en la vista que se celebre queda demostrada la necesidad y justificación para ello. Igualmente se mantiene la facultad del juez para proveer las órdenes protectoras necesarias que salvaguarden contra convertir el procedimiento en uno oneroso u opresivo para el sospechoso o imputado. *Efraín Meléndez, supra.*

La tesis del peticionario de que el foro de instancia, en el ejercicio de su discreción, no debe estimar justificado el pedido del fiscal en el caso ante nos aún después de celebrada la vista por razón de que lo que el fiscal intenta por ese medio es fortalecer las denuncias ya presentadas contra el peticionario, pasa por alto un fundamento importante. Conforme lo resuelto en *Efraín Meléndez,* el fiscal puede acudir al mecanismo de la Regla 235 como parte del proceso investigativo a solicitar que un juez ordene la citación de un imputado con el propósito de que se someta a pruebas caligráficas, aún durante la etapa que se esté llevando a cabo una vista preliminar en alzada. Es decir, nada impide al fiscal acudir al vehículo procesal que le brinda la Regla 235, independientemente que se trate de un sospechoso o de un imputado como aquí ocurre, siempre que lo utilice a los fines de la investigación que practica durante esa etapa, o de una vista preliminar que se vaya a celebrar. Resulta inmaterial si con ello fortalece o debilita su caso.

De igual modo, el otro argumento del peticionario dirigido a sostener la improcedencia de la solicitud del fiscal apoyado en que la misma debe considerarse como parte del descubrimiento de prueba que contempla la Regla 95A de Procedimiento Criminal --34 L.P.R.A. Ap II, R. 95A-- en lugar de aplicar la Regla 235, también pasa por alto que la referida disposición procesal no contempla el tipo de orden y citación como la que nos ocupa. El ámbito de la Regla 95A está limitado a permitir al fiscal inspeccionar, copiar o fotocopiar los documentos a que la propia Regla alude y que se encuentren *"en posesión, custodia o control del acusado".* No a ordenarle a un imputado que se someta a pruebas con el propósito de identificar características o rasgos que le identifican, mecanismo éste disponible mediante la utilización de la Regla 235, según lo resuelto en *Efraín Meléndez.* Tampoco podemos menospreciar que la Regla 95A no está disponible para el Ministerio Público hasta que el imputado la haya primeramente activado.

Por último, cabe señalar que la normativa jurisprudencial citada no implica que el fiscal en la vista que se ventile queda relevado de demostrar la debida justificación que amerite se ordene al peticionario someterse a las pruebas caligráficas solicitadas. La discreción del juez en esa dirección requiere la aportación de aquellos elementos y factores que justifiquen moverla, obligación ésta que recae sobre el fiscal que lo solicite.

Por los motivos que anteceden se expide auto de *certiorari* a los fines de revocar la orden recurrida y disponer que el foro de instancia continue con los procedimientos en el caso de referencia de forma consistente con lo aquí resuelto.

Lo acuerda el tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General